SLR:EB:TJK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 2 0 2005 ★
P.M. ____
TIME A.M. ____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

\- against -

RICHARD MARTINO,

Defendant.

\- - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER
OF FORFEITURE

03 CR 304 (S-8) (CBA)

WHEREAS, on February 14, 2005, the Defendant RICHARD MARTINO ("Defendant") pled guilty to an Information charging the Defendant with, inter alia, conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371, and the Government sought criminal forfeiture of property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, or in the alternative, substitute assets of the Defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, the Defendant has agreed to the entry of an Order of Forfeiture against him in the amount of Nine Million, One Hundred Thousand Dollars ($9,100,000.00) (hereafter "$9.1 million"), which constitutes property derived from proceeds obtained as a result of the offenses charged in the Information, or property traceable to such property, and/or substitute property; and

WHEREAS, by virtue of the Defendant having pled guilty to

the Information and waived all his constitutional, legal and equitable defenses and rights to the forfeiture allegations of the Information, the United States is now entitled to the money judgment amount of $9.1 million, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2.

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent of all parties, as follows:

1. The Defendant RICHARD MARTINO consents to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $9.1 million which sum represents property involved in the mail and wire fraud conspiracy to which the Defendant has pled guilty and property traceable thereto and/or substitute property.

2. The Defendant agrees to pay the Forfeiture Money Judgment as follows: the Defendant shall pay $1.5 million toward the satisfaction of the Forfeiture Money Judgment by March 31, 2005, and the remainder by June 30, 2005 ("the Due Date"). Upon a showing of good faith by the Defendant to meet the existing deadlines, the government, in its sole discretion, will extend the payment schedule and/or the Due Date for the Forfeiture Money Judgment.

3. The Defendant further agrees to forfeit all right, title and interest in the following property presently under restraint pursuant to the order issued by the Honorable Carol

Bagley Amon on July 9, 2004 and listed in Forfeiture Allegation One of the above-captioned Indictment: all accounts held or maintained on behalf of (1) Mical Properties, Inc.; (2) Telecom Online, Inc.; (3) Lexitrans, Inc., (4) Cyberdata Processing, Inc.; (5) Voice Link Network, Inc., (6) Cassiopeia Group, Inc.; (7) Branching Enterprises, Inc., (8) Omni Present Digital Inc., and (9) LJ Internet, Inc. The Restrained Property owned and controlled by the Defendant shall be counted toward the Forfeiture Money Judgment.

4. The Defendant agrees not to assert any claim, contest or assist any person to contest the Government's collection of the Forfeiture Money Judgment or substitute property. The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets, and waives his right to any required notice concerning the forfeiture of assets, and waives all constitutional, legal and equitable defenses to the entry and collection of the Forfeiture Money Judgment including but not limited to, double jeopardy, any applicable statute of limitation, and any defense under the Ex Post Facto or Excessive Fines Clauses of the United States Constitution. The Defendant also agrees that the forfeiture of the Forfeiture Money Judgment shall not constitute an excessive fine.

5. In accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(n)(1), the United States Marshals Service shall publish notice of this Order and of the intent to dispose of the

forfeitable property in such a manner as the United States Marshals Service may direct. Such notice shall be published in accordance with the custom and practice in this district, in a newspaper of general circulation, and shall provide notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier. Any notice filed by any petitioner must state the validity of petitioner's alleged interest in the property, must be signed by petitioner under penalty of perjury, and must set forth the nature and extent of petitioner's right, title and interest in the property, and any additional facts supporting such petition.

6. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the property subject to this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

7. Following the disposition of all petitions filed, or if no such petitions are filed within the applicable period, the United States shall have clear title to the properties described above.

8. In accordance with Fed. R. Crim. P. 32.2(c)(1)(B), the Government is hereby authorized to conduct discovery necessary

to help identify, locate or dispose of property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of any third parties.

9. This Preliminary Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Preliminary Order of Forfeiture to Assistant United States Attorney Tracey J. Knuckles, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
May 13, 2005

HONORABLE CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

**SIR:**

**PLEASE TAKE NOTICE** that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the **UNITED STATES DISTRICT COURT U.S.** Courthouse, 225 Cadman Plaza East, **EASTERN DISTRICT OF NEW YORK** Brooklyn, New York, on the __________ day of ______, 20___, at 10:30 o'clock in the forenoon.

Dated: Brooklyn New York,

________________________________,20____

________________________________________

United States Attorney,

Attorney for______________________

To:

Attorney for________________________

**SIR:**

**PLEASE TAKE NOTICE** that the within is a true copy of ____________duly entered herein on the _____day of__________________________ _________,in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York

______________________________, 20___

United States Attorney,

Attorney for______________________

To:

Attorney for ______________________________

Criminal Action No. 03-304 (S-8) (CBA)

**UNITED STATES DISTRICT COURT**
Eastern District of New York

UNITED STATES OF AMERICA,

- against -

RICHARD MARTINO,

Defendant.

PRELIMINARY ORDER OF FORFEITURE


ROSLYNN R. MAUSKOPF
United States Attorney,
Attorney for United States of America
Office and Post Office Address,
United States Courthouse
One Pierrepont Plaza
Brooklyn, New York 11201


Due service of a copy of the within_________ ___________ is hereby admitted.

Dated:_________________, 20________

________________________________


Attorney for United States of America
TRACEY J. KNUCKLES, AUSA
(718) 254-6028


________________________________